UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |
|---|
| WILFREDO SANCHEZ, |
| Petitioner, |
| v. |
| UNITED STATES OF AMERICA, |
| Respondent. |

Civil Action No. 04-4408 (KSH)

**OPINION**

**KATHARINE S. HAYDEN, U.S.D.J.**

Wilfredo Sanchez ("Sanchez" or "petitioner") pled guilty to a one count information charging him with violating 21 U.S.C. §§ 841(a)(1) and (b)(1) (c), and received a sentence of 188 months imprisonment and 5 years supervised release. Sanchez has petitioned the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

**BACKGROUND**

Sanchez pled guilty to a single count of distributing and possessing with intent to distribute heroin. The plea agreement stipulated that under the United States Sentencing Guidelines ("U.S.S.G."), Sanchez was a career offender, in criminal history category VI, and the adjusted offense level was 29, reflecting a base offense level of 32 adjusted downward by 3 levels based on his timely acceptance of responsibility. This resulted in a sentencing range of 151 to 188 months. See Plea Agreement Schedule A (March 4, 2002). Petitioner indicated in his Rule 11 form filed at the time of the plea hearing with the assistance of his attorney, he read and understood his plea agreement.

At the sentencing hearing, July 19, 2002, counsel for Sanchez made a motion for a downward departure, arguing that his classification as a career offender seriously overstated his criminal history. Judge Alfred Wolin denied the motion and sentenced petitioner to 188 months imprisonment, a $500 fine, and 5 years supervised release.

Petitioner's counsel filed an <u>Anders</u> brief with the Third Circuit, asserting there were no non-frivolous issues raised on appeal and requesting to withdraw as counsel. The request to withdraw as counsel was granted.

On July 24, 2004, Sanchez**,** acting *pro se*, filed a timely direct appeal in the United States Court of Appeals for the Third Circuit, raising seven points: (1) defendant did not agree to the plea voluntarily; (2) the district court should not have used previous criminal convictions to enhance defendant's sentence because the government did not file an information stating that it intended to rely on those convictions; (3) the indictment failed to specify a particular quantity of drugs and therefore denied defendant his due process rights; (4) the district court erred in finding defendant to be a career offender; (5) the district court failed to articulate its reasons for imposing the sentence; (6) the indictment was invalid since the foreperson of the grand jury did not sign it, pursuant to Federal Rule of Criminal Procedure 6(c); and (7) the district court erroneously sentenced defendant at the wrong sentencing level.

The Third Circuit affirmed Sanchez's conviction and sentence on March 11, 2003. Petitioner had until June 9, 2003 to file a petition for a writ of certiorari with the Supreme Court of the United States but did not do so.

On June 21, 2004, Sanchez mailed a petition to the district court asking the court to review his sentence. The district court deemed the petition to be a motion pursuant to 28 U.S.C. § 2255 and

filed it as such on September 13, 2004. The court then granted petitioner's motion for leave to amend/supplement his 28 U.S.C. § 2255 application on January 10, 2005. Sanchez's petition alleges that: (1) the district court sentenced petitioner under an incorrect application of the U.S.S.G. when it determined that departure under U.S.S.G § 4A1.3 was limited by the provisions in U.S.S.G. § 5K2.0; (2) the trial court displayed a definite bias toward petitioner when it compared petitioner's actions with those of the Crips street gang; and (3) counsel was ineffective for failing to move for downward departure based on petitioner's mental and emotional condition, in violation of his Sixth Amendment right to effective counsel. (Motion Pursuant to 18 U.S.C. § 3742(a)(2) and Motion for Leave to Amend Section 2255 Motion ("Motion under 28 U.S.C. § 2255."))

**STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code provides in part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

In addition, § 2255 provides a one-year Statute of Limitations for applications under the statute. The pertinent section provides that "[a] 1-year period of limitation shall apply to a motion under this section" and that the "limitation period shall run from . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255.

Petitioner was sentenced on July 19, 2002 and filed a timely direct appeal. The Third Circuit filed an opinion affirming the district court's decision on March 11, 2003. Petitioner had ninety days

3

from the filing of the Third Circuit opinion to file a petition for certiorari to the Supreme Court, but did not do so. It is well-settled that

> if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires. A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari.

Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999) (analyzing how to determine when a judgment becomes final under 28 U.S.C. § 2255). Therefore, the judgment became final on June 9, 2003. Petitioner signed his original motion on June 21, 2004, after the one-year statute of limitations had run. Therefore, the petition is procedurally barred.

In addition to the timeliness deficiency, petitioner cannot succeed on these claims because relief under 28 U.S.C. § 2255 is not available to correct errors that could have been raised at trial or on direct appeal. United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). If a petitioner attempts to raise issues in a § 2255 habeas petition that have not been exhausted at trial or on direct appeal, the petition will be procedurally barred. United States v. Jenkins, 333 F.3d 151, 155 (3d Cir. 2003). For a petitioner "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982). "Actual prejudice" requires showing that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170. The petitioner also must show there is a substantial likelihood, that absent the error, a jury would have acquitted him of the charged offense. Id. Therefore, claims not raised on direct appeal may not be raised on collateral review, unless the

4

petitioner shows "cause" and "actual prejudice." Id. at 167-68.

The Supreme Court has carved out an exception to this general rule for ineffective assistance of counsel claims. Massaro v. United States, 538 U.S. 500, 503-04 (2003). The Massaro Court held that the procedural default rule was not a statutory or constitutional requirement, only a doctrine followed by the courts to promote judicial economy and finality of judgments, and that requiring a criminal defendant to bring an ineffective assistance of counsel claim on direct appeal does not promote those objectives. The Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Id. at 504. The Third Circuit applied the rule of Massaro for ineffective assistance of counsel claims in United States v. Davies, 394 F.3d 182, 187 (3d Cir. 2005). Based on these cases, the third claim may be considered.

But petitioner fails to demonstrate any deficiency in counsel's representation of him. His plea agreement stipulated to the career offender designation. In United States v. Cianci, 154 F.3d 106 (3d Cir. 1998), the Third Circuit held that a defendant cannot challenge an enhancement on appeal that a defendant stipulates to in a plea agreement. Petitioner cannot attribute the availability of career offender enhancement at the time of his plea hearing or the sentencing judge's application of it.

This Court is satisfied that Massaro and Davies apply so as to permit petitioner's third claim to be considered on the merits. Thus, even though petitioner did not raise his third claim on direct appeal, it is not procedurally barred. But the Court cannot grant post-conviction relief on a claim of ineffective assistance of counsel without a showing that counsel's performance was deficient and that the deficiencies resulted in substantial prejudice that deprived the defendant of a fair trial.

Strickland v. Washington, 466 U.S. 668, 686-90 (1984).  Petitioner must show that counsel's representation fell under an objective standard of reasonableness, measured under the prevailing professional norms.  Id. at 688.  Furthermore, petitioner must identify acts or omissions that were not the result of reasonable professional judgment.  Id. at 690.  To show prejudice, petitioner must show there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting the petitioner's guilt.  Id. at 694.

Petitioner has not come close to such a showing.  While he argues that his mental and emotional condition due to his childhood experiences are mitigating factors, he does not demonstrate that his experiences were of a level to justify a specific downward departure motion on the basis that he was outside the "heartland" of sentencing considerations.  Nor does petitioner establish any nexus between his childhood circumstances and the commission of the drug offenses.  The cases that Sanchez relies on are not the same type of abusive situations that are analogous to his purported childhood abuse.  Finally, there is no showing that Sanchez would have succeeded in persuading the judge had counsel raised such an argument at sentencing.   Petitioner's claim is without merit.

## **CONCLUSION**

This Court denies this petition on procedural and substantive grounds, and will not issue a certificate of appealability because petitioner has failed to make a substantial showing of a denial of a constitutional right.

March 5, 2007 /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.